UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TARA JILL CICCARONE, ET AL | CIVIL ACTION |
| VERSUS | NO. 13-133 |
| THE CITY OF NEW ORLEANS, ET AL | SECTION "N"  (3) |

## ORDER AND REASONS

Before the Court is the Plaintiffs' Motion for Attorney Fees (Rec. Doc. 10).  The defendants have filed an opposition thereto (Rec. Doc. 12), the plaintiffs have filed a reply (Rec. Doc. 15), and the defendants have filed a sur-reply (Rec. Doc. 19).

Although a party-negotiated settlement resulting in a consent judgment can support a finding of "prevailing party" status under certain circumstances, *see, e.g., Maher v. Gagne,* 448 U.S. 122, 129-130 (1980), the Court finds that the facts here do not warrant such a finding. Plaintiffs Ciccarone and Bohn filed their complaint on Thursday afternoon, January 24, 2013. (Rec. Doc. 1).  They asserted no claims regarding the restriction on commercial speech, but complained about the Ordinance's restriction on noncommercial speech activity.  Two hours later, the Court granted these two plaintiffs' request for a temporary restraining order only insofar as it narrowed the "clean zone" wherein speech was to be restricted during Super Bowl week.  (Rec. Doc. 4).  In all other respects, the motion was denied.  Four days later, on Monday, January 28, the parties presented the Court with a proposed consent judgment, negotiated by the parties, which in addition to an agreement that the Ordinance in question would apply only to

commercial activity and would not apply to noncommercial expressive activity, also resolved the claims of a new plaintiff asserting claims against the Ordinance's restriction of commercial speech. (Rec. Doc. 6). Except to approve the parties negotiated settlement, which the Court did without a hearing on the same day it was submitted, the Court did not address the claims regarding restriction of commercial speech. As for the claims regarding noncommercial speech, the Court issued only the limited TRO narrowing the geographical area wherein the restrictions could be enforced. The Court had no opportunity to consider any filing by the defendants on any issue. The Court never even set a hearing date to consider a preliminary injunction. The first appearance by the defendants was to join the plaintiffs in submitting the proposed consent judgment. Under these circumstances, the Court finds that the parties' change in legal relationship, to the extent there was one, occurred in response to the plaintiffs' lawsuit, not in response to the very minimal action taken by the Court. *See Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir.), *cert. denied*, 555 U.S. 938 (2008). Thus, while the Court gave its approval to the quick settlement reached by the parties, the Court finds that the circumstances here more closely resemble the "catalyst theory" rejected by the Supreme Court in *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 608-610 (2001), than the cases approving attorney fee awards in cases of litigation resulting in consent decrees. In addition, it appears that even the lawsuit may not have been necessary to achieve the City's agreement, as there is no showing that any of the plaintiffs sought relief from or made any demand upon the City prior to filing suit. Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion for Attorney Fees (**Rec. Doc. 10**) is hereby **DENIED**.

New Orleans, Louisiana, this 8th day of March, 2013.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**